UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **STACY WADE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**UNIVERSAL WINDOWS DIRECT, LLC**, an Ohio registered company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Stacy Wade ("Plaintiff Wade" or "Wade") brings this Class Action Complaint and Demand for Jury Trial against Defendant Universal Windows Direct, LLC ("Defendant" or "Universal Windows Direct") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls to phone numbers that are registered on the National Do Not Call registry ("DNC"), including calls that were placed after the consumer told Defendant to stop calling. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Wade, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

## PARTIES

1. Plaintiff Wade is a resident of Germantown, Maryland.

2. Defendant Universal Windows Direct is an Ohio registered company headquartered in Bedford Heights, Ohio. Defendant Universal Windows Direct conducts business throughout this District and throughout the US including in Maryland.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and the venue is proper over the Defendant because the Defendant is located in this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in January 2024 alone, at a rate of 137.9 million per day. www.robocallindex.com (last visited February 11, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant Universal Windows Direct is an exterior remodeling company that does business throughout the US including in Maryland.[3]

14. Universal Windows Direct is a brand owned/operated by Great Day Improvements.[4]

15. Defendant Universal Windows Direct places solicitation calls to consumers to solicit its remodeling services.

16. Defendant Universal Windows Direct places unsolicited telemarketing calls to phone numbers that are registered on the DNC, as per Plaintiff's experience.

17. Current and former Universal Windows Direct employees have posted complaints online through job review websites complaining about the cold calling they engaged in to generate business, including:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.universalwindowsdirect.com/
[4] https://greatdayimprovements.com/our-brands/

4

> **Cons**
> This is for the Southern Ohio location. First, be aware that they have cameras in all the rooms. The only reason,is to watch to make sure you are working when they aren't there.
> They are quick to tell you we are a family here. Their definition of family is that you work 10-12 hours per day, and come in on Saturdays, because that's what families do for each other. They own it, so of course they are there 10-12 hours a day. Just because you are done for the day, you'll have to have your phone on you in case a sales rep needs to call you, and you must pick up, six days a week 8-8!
> Turnover is outrageous. If you are hired as a 'lead generator' (BTW you are a cold calling telemarketer) you aren't told this, but you have two weeks to bring enough business to pay for yourself, or you'll be let go. They will tell you when you interview you can make up to $28 an hour, what they leave out if you would have to hit unattainable goals to get there. (Average is $15-18 hr) They've been through 3 inside sales managers in under 12 months. Complete turnover in lead generators, multiple times, as well as office managers. If you are hired as an outside sales rep, leads are divided via favoritism, so the owners decide who gets the leads. They are not assigned say in a round robin fair and even way. If you like this type of work-- find another home improvement company, There are plenty out there. [5]

18. To make matters worse, Defendant Universal Windows Direct continues to place unsolicited calls to consumers after the consumers have asked Universal Windows Direct to stop calling them.

19. Consumers have posted complaints online about unsolicited telemarketing calls they received from Defendant Universal Windows Direct, including complaints from consumers who received multiple unwanted calls after asking Universal Windows Direct to stop calling, including:

- "… They call and ask if you have any other work you need done. Sometimes *they call multiple times a day despite me requesting to be removed from their call list*."[6] (emphasis added)
- "We have *asked them not to call and told them we would call them, they just keep calling*."[7]
- "Unsolicited call"[8]

---

[5] https://www.glassdoor.com/Reviews/Universal-Windows-Direct-Inside-Sales-Representative-Reviews-EI_IE785912.0,24_KO25,52.htm
[6] https://www.reddit.com/r/Columbus/comments/t90tza/universal_windows_direct/
[7] https://lookup.robokiller.com/p/704-594-1900
[8] https://us.shouldianswer.net/phone-number/7045941900

- "Telemarketer"[9]
- "*wont stop calling*"[10] (emphasis added)

20. In response to these calls, Plaintiff Wade brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

### PLAINTIFF WADE' ALLEGATIONS

21. Plaintiff Wade is the sole owner and user of her cell phone number ending in 1601.

22. Plaintiff Wade registered her cell phone number on the DNC on September 27, 2005.

23. Plaintiff Wade's cell phone number is unlisted so she can keep it private.

24. On September 9, 2023 at 1:38 PM, Plaintiff Wade filled out a form on myhomequote.com to get a quote for exterior window renovations.

25. Universal Windows Direct and a host of other companies began calling Plaintiff's cell phone number right away.

26. On September 13, 2023 at 8:55 AM, Plaintiff Wade received a call from Universal Windows Direct to her cell phone number from 443-626-4009.

---

[9] Id.
[10] Id.

6

27. This call was not answered, but Plaintiff Wade called 443-626-4009 back 1 minute later, at 8:56 AM on September 13, 2023:



*Figure 1 - September 13, 2023*

28. The call was answered by a Universal Windows Direct employee who began a sales pitch to sell window replacement upgrades to Plaintiff Wade.

29. Plaintiff Wade told the employee that she did not want to proceed with getting a quote and she asked for her cell phone number to be removed from Defendant's calling system. Plaintiff Wade told the employee that she wanted Universal Windows Direct to stop calling her cell phone number thus revoking any consent she may have given.

30. Despite this stop request, Plaintiff Wade continued to receive unsolicited telemarketing calls to her cell phone from the Defendant, including on:

- September 15, 2023 from 443-626-4009 (3 times);
- September 16, 2023 from 443-626-4009;
- September 20, 2023 from 443-626-4009;
- September 22, 2023 from 443-626-4009;

7

- September 26, 2023 from 443-639-4755;

- September 28, 2023 from 443-639-4755;

- September 29, 2023 from 443-639-4755;

- November 21, 2023 from 443-788-4955;

- November 22, 2023 from 443-788-4955;

- November 27, 2023 from 443-788-4955;

- November 29, 2023 from 443-788-4955 (twice);

- November 30, 2023 from 443-788-4955 (twice);

- December 1, 2023 from 443-788-4955;

31. Plaintiff Wade called 443-788-4955 back on December 1, 2023.

32. The call was answered by a Universal Windows Direct employee who began a sales pitch to sell window replacements or upgrades to Plaintiff Wade.

33. Plaintiff Wade explained that she was receiving unsolicited calls and asked that her phone number be removed from the Universal Windows Direct calling system. She asked the employee to stop calling her cell phone number.

34. Prior to that, on October 9, 2023, Plaintiff's attorneys sent a cease and desist letter on Plaintiff's behalf to Universal Windows Direct at info@universalwindowsdirect.com. There was no response provided for this demand.

8

35. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Wade in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

36. Plaintiff had to spend time twice asking the Defendant to stop calling her cell phone number.

37. Seeking redress for these injuries, Plaintiff Wade, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

38. Plaintiff Wade brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Universal Windows Direct called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.
>
> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Universal Windows Direct called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after Universal Windows Direct's records reflect that the person requested that they stop calling.

39. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Wade anticipates the need to amend the Class definition following appropriate discovery.

40. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant Universal Windows Direct placed multiple calls within a 12-month period to Plaintiff and other consumers whose

  telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(b) whether Defendant Universal Windows Direct engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(c) whether the calls constitute a violation of the TCPA;

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

42. **Adequate Representation**: Plaintiff Wade will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Wade has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Wade and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Wade nor her counsel have any interest adverse to the Classes.

43. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business

practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Wade. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Wade and the Do Not Call Registry Class)**

44. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

45. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

46. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations

prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

47. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Wade and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

48. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Wade and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

49. As a result of Defendant's conduct as alleged herein, Plaintiff Wade and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

50. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of

13

statutory damages recoverable by the members of the Do Not Call Registry Class.

## SECOND CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Wade and the Internal Do Not Call Class)

51. Plaintiff repeats and realleges paragraphs 1-53 of this Complaint and incorporates them by reference herein.

52. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf

the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

53. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls/text messages.

54. The TCPA provides that any "person who has received more than one

16

telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

55. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Wade requests a jury trial.

**STACY WADE**, individually and on behalf of all others similarly situated,

DATED this 12th day of February, 2024.

By: /s/ *Brian T. Giles*

Brian T. Giles (0072806)
Giles & Harper, LLC
7243 Beechmont Avenue,
Cincinnati, Ohio 45230
Telephone: (513) 379-2715
bgiles@gilesharper.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*Pro Hac Vice motion forthcoming.*